BLANK ROME, LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| FEDNAV INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> SUNWOO MERCHANT MARINE CO. LTD., <br><br> Defendant. | 07 CIV. 3886 <br><br> **VERIFIED COMPLAINT** |



Plaintiff FEDNAV INTERNATIONAL LTD., ("FEDNAV"), as Charterer of the M/V BRIGHT BULKER, by its attorneys Blank Rome, LLP, complaining of the above-named Defendant SUNWOO MERCHANT MARINE CO. LTD., ("SUNWOO"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction.

2. At all material times, FEDNAV was and now is a foreign company organized and existing under the laws of Barbados.

3. At all material times, defendant SUNWOO was and now is a corporation organized and existing under the laws of Korea.

## THE BASIC FACTS

4. FEDNAV, as Charterer, entered into a contract of charter party for the Vessel with Sunwoo, as disponent owner, dated on or about December 11, 2006.

5. FEDNAV advised Sunwoo of its intention to load the Vessel in Australia with destination ports in the St. Lawrence Seaway, Canada.

6. On or about December 14, 2006 Sunwoo advised FEDNAV that it would not permit the Vessel to "trade St. Lawrence."

7. FEDNAV protested and placed Sunwoo on notice of repudiatory breach, unless it agreed to its legitimate voyage orders. Sunwoo refused to reconsider and FEDNAV accepted the repudiatory breach.

8. It subsequently mitigated its damages by chartering in a replacement vessel at a higher "rental" or "hire" rate.

9. FEDNAV's principal damages arising from Sunwoo's repudiatory breach are, as most nearly can be presently determined, $1,052,716.

10. The Charter is subject to English law and London arbitration. This action is expressly filed without prejudice to that right of arbitration.

## COUNT I

## RULE B RELIEF

11. Plaintiff repeats paragraphs 1 through 11 as if fully set forth herein.

12. Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims including its English attorneys' fees and arbitrators' fees which are routinely awarded in London arbitration and no security for Plaintiff's claim has been posted by SUNWOO or anyone acting on its behalf to date.

13. At best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| A. | On the principal claim | $1,052,716 |
| B. | Estimated Recoverable English Lawyers and Arbitrators' Fees & "Costs" | $ 300,000 |
| C. | Interest over the course of 3 years at 8% per annum: | $ 252,651 |
| | **TOTAL:** | $1,605,367 |

14. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against SUNWOO, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since SUNWOO cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of SUNWOO's tangible or intangible property or any other funds held by any garnishee, which are due and owing to

SUNWOO up to the amount of $1,605,367 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C. That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

D. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
May 17, 2007

> Respectfully submitted,
> BLANK ROME, LLP
> Attorneys for Plaintiff
>
> By _____
> Jeremy J.O. Harwood (JH 9012)
> 405 Lexington Avenue
> New York, NY 10174
> Tel.: (212) 885-5000

## VERIFICATION

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome, LLP, attorneys for Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

_____
Jeremy J.O. Harwood

Sworn to before me this
17th day of May 2007

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

900200.00001/6544434v.1            5

BLANK ROME, LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDNAV INTERNATIONAL LTD.,

    Plaintiff,

v.

SUNWOO MERCHANT MARINE CO. LTD.,

    Defendant.

07 Civ.

**AFFIDAVIT UNDER**
**SUPPLEMENTAL RULE B**

---

STATE OF NEW YORK    )
                                  : ss.:
COUNTY OF NEW YORK   )

JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant SUNWOO MERCHANT MARINE CO. LTD., as Owner of the M/V BRIGHT BULKER, a company organized and existing under the laws of Korea, pursuant to Rule

B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. The defendant is not incorporated or registered to do business in this State.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, Transportation Tickler (2006 edition), telephone assistance in New York City, and the internet Yellow Pages.

4. In our search, we did not find any listing or reference to defendant in this district or state.

5. In the circumstances, I believe the defendants cannot be "found" within this district.

Jeremy J.O. Harwood

Sworn to before me this
17th day of May, 2007

Notary Public
KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov-30, 2009