NOURSE & BOWLES, LLP
Attorneys for Defendant
SUNWOO MERCHANT MARINE
 CO. LTD.
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6200


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FEDNAV INTERNATIONAL LTD.,                    :
                                              :
              Plaintiff,                      :
                                              :    07 Civ. 3886 (DC)
         - against -                          :
                                              :    **ANSWER AND COUNTERCLAIM**
SUNWOO MERCHANT MARINE CO. LTD.,              :
                                              :
              Defendant.                      :
-------------------------------------------------------------X

Defendant, Sunwoo Merchant Marine Co. Ltd. ("Defendant") as and for its Answer to the Complaint and Counterclaim alleges on information and belief as follows:

### AS AND FOR DEFENDANT'S ANSWER

1. Defendant admits that this case is within the Court's admiralty and maritime jurisdiction.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Defendant admits it is a corporation organized and existing under the laws of South Korea with an office and place of business at 12F, Kyobo Book Bldg., No. 73 Naesu-dong, Chongno-Gu, Seoul, Korea.

4. Defendant admits that it entered into a charter party, as disponent owner for the vessel BRIGHT BULKER on or about December 11, 2006 with "Fednav International Ltd. Montreal" ("Fednav"), as charterer, which Plaintiff claims to be.

5. Defendant admits Fednav sought to load the vessel in Australia and discharge at ports in the St. Lawrence Seaway.

Except as so admitted, Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that Fednev erroneously claims that Sunwoo was in repudiatory breach of the charter and that Fednav erroneously claims that Sunwoo refused to consider certain orders for the vessel, both of which claims are denied.

Except as so admitted, Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the charter is subject to English law and London arbitration.

11. Defendant repeats and realleges its answers to paragraphs 1-10 as if set forth herein at length.

12. Defendant admits that Plaintiff sought and obtained the attachment of Defendant's assets but denies that any prior request was made for security by Plaintiff as implied and denies there was a demand for arbitration or an arbitration proceeding pending at the time of Plaintiff's suit and attachments. Defendant admits that English attorneys' fees and arbitrators' fees are routinely awarded to the prevailing party in London arbitration.

Except as so admitted, Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies Plaintiff is entitled to recover any of the damages alleged in paragraph 13 of the Complaint.

14. Defendant admits that it has electronic fund transfers at intermediary banks within the district and that Plaintiff has attached these in this case under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Except as so admitted, it denies the allegations in paragraph 14 of the Complaint.

15. Defendant generally denies that it has any liability to Plaintiff as alleged in the Complaint.

16. Plaintiff's complaint fails to state a claim or cause of action on which relief may be premised.

17. Defendant denies that it was in repudiatory breach of the charter.

18. Defendant pleads, by way of defense, exoneration and limitation, each and every provision in the governing charter party.

19. Plaintiff's claim is subject to arbitration and English law and Defendant has no liability to Plaintiff on the basis of this law.

## AS AND FOR DEFENDANT'S COUNTERCLAIM

20. Defendant's counterclaim arises under the aforesaid charter between it and Fednav and is an admiralty and maritime claim within this Court's admiralty and maritime jurisdiction and within Rule 9(h) of the Federal Rules of Civil Procedure.

21. Fednav is a corporation organized and existing under the laws of a foreign country with an office and place of business in Montreal, Canada.

22. Defendant repeats and realleges paragraphs 1-18 above as if set forth herein at length.

23. Plaintiff precipitously and without justification repudiated the charter party and breached its obligations to Defendant to perform thereunder.

24. By reason of Plaintiff's repudiation and breach of the charter, Defendant chartered the M/V BRIGHT BULKER to other charterers in order to mitigate some of Defendant's damages. Notwithstanding Defendant's chartering the M/V BRIGHT BULKER to other charterers, Defendant suffered damages by receiving less net revenue under the mitigation voyages than it would have received under its charter with Fednav.

More specifically, Defendant suffered damages in reduced net revenues in the principal mount of $92,289.35, as best as can presently be calculated.

25.   Defendant's claim is subject to arbitration in London where legal and arbitral costs are routinely awarded. Defendant reasonably estimates such costs will amount to $300,000 to defend Plaintiff's wrongful claims and to pursue recovery of Defendant's counterclaim. This amount is, in fact, the same amount sought by Plaintiff in paragraph 13 of its Complaint.

26.   Interest is also routinely awarded in arbitration in London and Defendant claims interest on its counterclaim at 8% per annum for three years, the same basis as claimed by Plaintiff in paragraph 13 of its Complaint, in the further amount of $22,149.44.

27.   Defendant's property has been attached by Plaintiff in an amount no less than $1,605,367 in this case and Defendant's counterclaim arises out of the same transaction as Plaintiff's claim. Defendant is therefore entitled under Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to countersecurity for its counterclaim, including interest and costs, in the total amount of $414,438.79.

WHEREFORE, Defendant prays:

28.   That Plaintiff's Complaint be dismissed with costs and its attachment of Defendant's assets vacated;

29.   That Defendant have countersecurity for its counterclaim in the amount of $414,438.79;

30. That Defendant have discovery with respect to the amounts attached by Plaintiff;

31. That when appropriate the matter be stayed pending arbitration; and

32. The Defendant have such other and further relief as may be just and equitable.

Dated: New York, New York
       June 4, 2007

                                NOURSE & BOWLES, LLP
                                Attorneys for Defendant
                                SUNWOO MERCHANT MARINE
                                CO. LTD.

                                By:_____
                                Armand M. Pare, Jr.(AP-8575)
                                One Exchange Plaza
                                At 55 Broadway
                                New York, NY  10006-3030
                                (212) 952-6200

TO:   BLANK ROME, LLP
       Attorneys for Plaintiff
       Jeremy J.O. Harwood (JH 9012)
       405 Lexington Avenue
       The Chrysler Building
       New York, NY 10174
       (212) 885-5000