USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/07

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

FEDNAV INTERNATIONAL LTD.,            :

                Plaintiff,            :

       - against -                    :      MEMORANDUM DECISION

SUNWOO MERCHANT MARINE CO. LTD.,      :      07 Civ. 3886 (DC)

                Defendant.            :

- - - - - - - - - - - - - - - - - - -x

APPEARANCES:    BLANK ROME LLP
                Attorneys for Plaintiff
                     By: Jeremy J.O. Harwood, Esq.
                The Chrysler Building
                405 Lexington Avenue
                New York, New York  10174

                NOURSE & BOWLES, LLP
                Attorneys for Defendant
                     By: Armand M. Pare, Jr., Esq.
                One Exchange Plaza
                New York, New York  10006
```

CHIN, D.J.

Defendant Sunwoo Merchant Marine Co. Ltd. ("Sunwoo") moves for security for its counterclaim in this maritime action pursuant to Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules") of the Federal Rules of Civil Procedure. For the following reasons, the motion is granted.

## BACKGROUND

In this dispute, plaintiff Fednav International Ltd. ("Fednav") alleges that Sunwoo breached a contract of charter party. The matter is subject to arbitration in London. Fednav brought this action seeking security for its claims in the London arbitration. On Fednav's ex parte application pursuant to Rule B

of the Supplemental Rules, this Court entered an order authorizing process of attachment and garnishment of up to $1,605,367 against Sunwoo's property for Fednav's principal claim, estimated lawyers and arbitrators' fees, and costs and interest.  Sunwoo subsequently filed a counterclaim for $92,289.35, asserting that Fednav repudiated and breached the same contract.  Sunwoo now moves for security of $414,438.79 for the counterclaim in the amount of $92,289.35, estimated interest in the amount of $22,049.44, and estimated attorneys' fees and arbitrators' costs in the amount of $300,000.  In support of the attachment amount requested for the estimated attorneys' fees and arbitrators' costs, Sunwoo submitted the Declaration of Deung Rong Lee, its solicitor in the London arbitration.

### DISCUSSION

Rule E(7)(a) of the Supplemental Rules provides, in relevant part, that

> [w]hen a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise.

A district court has "broad discretion in deciding whether to order countersecurity."  Result Shipping v. Ferruzzi Trading USA, 56 F.3d 394, 399 (2d Cir. 1995).  "Inherent in the district court's discretion in deciding whether to order countersecurity is discretion to determine the amount of the countersecurity."  Clipper Shipping Lines Ltd. v. Global Transporte Oceanico S.A.,

No. 06-15299, 2007 WL 646329, at *1 (S.D.N.Y. Feb. 26, 2007).  A district court's exercise of discretion "will be governed by its sense of fairness and equality."  Id.

Fednav concedes that Sunwoo is entitled to countersecurity for its counterclaim under Rule E(7); it argues, however, that Sunwoo is not entitled to countersecurity for attorneys' fees and arbitrators' costs because those costs will not be incurred for proving its counterclaim, but instead for defending against Fednav's claims.  Fednav argues that $300,000 in fees and costs is not reasonable as the counterclaim seeks only damages of $92,289.35.  Sunwoo argues that to prevail on its counterclaim it must successfully defeat Fednav's claim of repudiatory breach and that all fees should therefore be attributed to advancing its counterclaim.

The case law on this issue is limited.  Ullises Shipping Corp. v. Fall Shipping Co. Ltd., 415 F. Supp. 2d 318 (S.D.N.Y. 2006), cited by both parties, is the most relevant case.  In Ullises, the court granted countersecurity for attorneys' fees only, absent a counterclaim for damages.  In the instant case Sunwoo has counterclaimed for damages and must necessarily disprove plaintiff's claim of repudiatory breach to prevail on that counterclaim.  The fees sought are "inextricably intertwined with the original transaction" that is the subject of arbitration, id. at 329, and therefore attachment of Sunwoo's total estimated attorneys' fees and arbitrators' costs is appropriate.

## CONCLUSION

For the reasons set forth above, Sunwoo's motion is granted and Fednav is ordered to post a bond or other satisfactory security in the sum of $414,438.79.

SO ORDERED.

Dated:  New York, New York
        October 18, 2007

                                        _____
                                        DENNY CHIN
                                        United States District Judge